IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ANTHONY SHAW, | ) | No. C 13-0624 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| OAKLEY POLICE DEPARTMENT, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In the complaint, Plaintiff states that on or around August 15, 2012, an Oakley police officer displayed excessive force by releasing his K-9 Shadow and using his taser gun. However, Plaintiff has failed to name any individual Defendant. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See id.* at 633.

Moreover, although Plaintiff names the Oakley Police Chief as a Defendant, he does not link the Police Chief to any deprivation of a federal right. *See Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (recognizing that a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation). Similarly, Plaintiff does not state a claim against the Oakley Police Department. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (recognizing that to state a claim for municipal liability, plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation). Thus, these Defendants are DISMISSED with leave to amend. Finally, Defendant K-9 Shadow is DISMISSED with prejudice because K-9 Shadow is not a "person."

In sum, Plaintiff's complaint fails to state a claim. However, Plaintiff will be provided

1 thirty days in which to amend his complaint to correct the deficiencies therein if he can do so in good faith.

Plaintiff is also advised that, if he is being held on pending criminal charges, any civil rights claims which might "impugn an anticipated future conviction cannot be brought until conviction occurs and is set aside." *Wallace v. Kato*, 549 U.S. 384, 393 (2007). In other words, if plaintiff files a § 1983 claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* at 393-94.

## CONCLUSION

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-0624 LHK (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named Defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If Plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

1  informed of any change of address by filing a separate paper with the Clerk headed "Notice of
2  Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do
3  so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
4  Civil Procedure 41(b).
5      IT IS SO ORDERED.
6  DATED:   4/10/13

_____
LUCY H. KOH
United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.LHK\CR.13\Shaw624dwla.wpd    4